Battle, J.
clissenUente.-—-I cannot concur in the opinion of the majority of the Court, that there was a cause of suspicion sufficient to justify the defendant in having the plaintiff arrested upon a charge of felony. The warrant under which the arrest was made has been put out of the way, because it is admitted to be void for want of a seal. The authority for making the arrest without a warrant, is alone relied upon for the defense. The cases of Samuel v. Payne, Doug. Rep. 359 ; Beckwith v. Philby, 6 Barn, and Ores. 635, and Davis v. Russell, 5 Bing. Rep. 354, are certainly very strong, and 'go very far in the justification of officers, who apprehend suspected persons without warrants. They carry the law, as it seems to me, farther than is compatible with that personal liberty, of which English jurists *440 are so fond of boasting. "When an innocent man can be arrested on tbe highway by a constable, who has no other ground of suspicion against him, than that he, having sold his horse, is carrying his saddle home, it gives riso to the saddening reflection of how much we all are at the mercy of one who is dressed in a little brief authority. But this case, in my estimation, goes even beyond that. Here, the party, who.is arrested, is but the shade of a shadow. A horse was stolen at the town of Charlotte, in the county of Mecklenburg. A dim suspicion is somehow gotten up that a man named Clary stole him. No person says that he ever knew Clary to have the horse in possession, or that he ever saw him in or near the place where the theft was committed. Not a single witness is called to prove that he ever saw Clary going towards Charlotte, or going from Charlotte, or that he ever saw him in Charlotte or about Charlotte. A rumor that a man of that name was suspected, is the single, isolated fact relied upon to connect him with the transaction. N o one can tell us who he was, or what he was, where he came from, or where he was going to, or what he had done, or what he had said, except that he called himself Clary. lie seems to have been a dim, shadowy being, who did, indeed, have on clothes, and clothes of a particular description, but when he wore them, or where he wore them, nobody can tell. The nearest to Charlotte that the testimony brings him, or any person like him, is the Huie mine, in the county of Union, eighteen miles distant. Uufortunately for the plaintiff, he was, about the time when the theft was committed, at the Huie mine, and was thought to have a strong resemblance to Clary in his clothing and in his personal appearance. Still more unfortunately for him, he left the Huie, and went over to the Rymer mine, near Salisbury. There, the defendant, stimulated either by the hope of the reward which had been offered, or by a desire to bring offenders to j ustice, had him arrested, when it was at once discovered, (what might just as easily have been ascertained before) that he had no connection whatever with the theft. I agree, therefore, with the Judge who tried the cause, that *441 there did not appear, from the testimony, any reasonable ground of suspicion to justify the arrest of Clary, much less the plaintiff. I believe the defendant permitted himself to be made an instrument by others, to do that, which they were afraid to do themselves, and, I think, he ought to bear the consequences.
Per Curiam.
Judgment reversed, and a venire de novo.